Submitted on record and appellant's brief July 15,
reversed and remanded for trial October 12, 1981

# STATE OF OREGON,
*Appellant,*

*v.*

# STEVEN SCOTT ZIPF,
*Respondent.*

## (No. T80-2-0603, CA A20547)

634 P2d 495

Dave Frohnmayer, Attorney General, Salem, filed the brief for appellant. With him on the brief were William F. Gary, Solicitor General, and Richard David Wasserman, Assistant Attorney General, Salem.

Rodney J. Beck, Gladstone, waived appearance for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state appeals from an order suppressing the results of a breath alcohol test and an "intoxilyzer operator's checklist." The appeal is pursuant to ORS 138.060(3). We reverse.

Defendant was arrested for driving under the influence of intoxicants, a traffic infraction. ORS 487.540. He took a breath test. The test was conducted in accordance with testing procedures set forth in an intoxilyzer operator's checklist. The checklist was a printed form issued by the Health Division of the Oregon Department of Human Resources. The form recited that it was promulgated by authority of ORS 487.815 and OAR 333-13-022(3). The result of the breath test was set out on the checklist.

When defendant took the test, the Health Division no longer had the administrative responsibility for breath alcohol testing techniques. That responsibility had been transferred by the Legislature to the State Police by amendment of ORS 487.815 in Or Laws 1979, ch 410, § 8 (now ORS 487.815(3)). Pursuant to the legisltative change, the State Police issued new regulations, including OAR 257-30-020(1), the State Police version of OAR 333-13-022(3). The pertinent Health Division regulations, including OAR 333-13-022(3), were repealed.[1]

The order suppressing the checklist provides:
"* * * [The] checklist used by [the officer] * * * was issued by the * * * Health Division, under OAR 333-13-020(1)(a), which is not applicable, and not by the Oregon State Police under OAR 257-30-020(1)(a), * * * [the] checklist *does not match word for word* the test procedure required by OAR 257-30-020 * * * and therefore the health division intoxilyzer checklist * * * does not meet the requirements of OAR 257-30-020(1)(a) and * * * is therefore invalid." (Emphasis added.)

The issue is whether the test procedure followed by the officer, as instructed by the checklist, complies with the test procedure required by OAR 257-30-020(1)(a), the State Police regulation. The fact that the language contained on

---

[1] The two regulations are lengthy. Setting them out here would lend nothing to this opinion.

the checklist "does not match word for word" the language of OAR 257-30-020(1)(a) is not the point. The checklist accurately parallels the step-by-step procedure of the regulation. Each paragraph of the checklist coincides alphabetically and in subject matter with the paragraphs of the regulation. There is no evidence that the checklist procedure was in conflict with the regulation or is otherwise in error. The checklist is as its name implies — a "checklist."

We hold that ORS 487.815, as amended, does not prohibit the State Police from using the checklist form prepared by the Health Division. The fact that the Health Division form did not refer to the appropriate statutory subsection or current regulation is immaterial.

Reversed and remanded for trial.